28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert D. CRAIG, Trustee of Bricklayers and Masons' Local
Union No. 5 (Ohio), H & W Pension and Vacation &
Savings Funds, et al., Plaintiffs-Appellants,
v.
SEVERINO, INC., Defendant-Appellee.
 No. 93-3516.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1994.
 
 Before: NORRIS and DAUGHTREY, Circuit Judges, and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This action was brought pursuant to 29 U.S.C. Sec. 1131, the Employee Retirement Income Security Act of 1974 (ERISA), and 29 U.S.C. Sec. 185(a), the Labor Management Relations Act of 1947. The plaintiffs are trustees of the Bricklayers and Masons Local Union No. 5 Funds, who filed a complaint against defendant Severino, Inc., seeking to force inspection of the company's records and secure contributions to the labor union funds that the plaintiffs claim Severino owes but has failed to pay.
 
 
 2
 The dispute stems from a contract executed by Joseph Severino, president of Severino, Inc., and Gene Suma, the union representative for Bricklayers and Masons Local Union No. 5. Severino was a masonry contractor who normally did not use union laborers. For political reasons, however, he agreed to use union workers on a specific job in late 1989 in Parma Heights, Ohio.
 
 
 3
 The contract that he and Suma signed was a duplicate of the collective bargaining agreement that had been in effect in the Cleveland area since 1988, when it was signed by the Union and by the Mason Contractors Association of Cleveland (the MCA). Joseph Severino was not a member of the MCA and thus was not a party to the collective bargaining agreement until he signed a copy of it for the Parma Heights job.
 
 
 4
 Before executing this contract, however, Severino and Suma agreed that it would apply solely to the Parma Heights job, and they signed the agreement only after noting at the top of the signature page that it specifically pertained to the Parma Heights job. There is no dispute that Severino paid all the required contributions attributable to the Parma Heights job, as called for in the contract. But it is also undisputed that in sending payments to the union funds, Severino did not notify the trustees that his obligation to contribute was job-specific or that it expressly terminated at the conclusion of the Parma Heights job. The trustees contend, therefore, that Severino had effectively "signed onto" the original collective bargaining agreement and his obligation to contribute to the union funds continued indefinitely.
 
 
 5
 In support of this position, the trustees argue that the purported limitation of coverage to the Parma Heights job was invalid because the law does not permit "secret side agreements" that "modify" existing collective bargaining agreements, citing Robbins v. Lynch, 836 F.2d 330, 333 (7th Cir.1988). The defendant responds that there was nothing secret about his agreement with the union and that the document he signed did not merely modify a prior agreement but, instead, gave rise to an entirely new contract. Indeed, it is difficult to see how the Suma-Severino agreement can be characterized as a modification when Severino was not a party to the original MCA contract.
 
 
 6
 The magistrate judge to whom this case was directed by the district court provided a detailed statement of the facts in his report and recommendation, which the district court explicitly adopted. He also made specific conclusions of law, which the district court likewise found to be correct. After a careful study of the record and the magistrate judge's report, we conclude that the district court's judgment should be affirmed, for the reasons stated in the report and adopted by the district court.
 
 
 7
 Furthermore, for the same reasons given by the magistrate judge and adopted by the district court, we decline to award attorney fees in the defendant's favor.
 
 
 8
 The order of the district court denying summary judgment to the plaintiffs, granting summary judgment to the defendant, and denying the defendant's motion for the award of attorney fees is AFFIRMED in all respects.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation